## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
## SOUTHERN DIVISION

|  |  |
|---|---|
| Dejoun Taylor, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Mann Bracken, L.L.P.; and DOES 1-10, inclusive, | **COMPLAINT** |
| Defendants. | |

For this Complaint, the Plaintiff, Dejoun Taylor, by undersigned counsel, states as follows:

### JURISDICTION

1.      This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

4.      Plaintiff, Dejoun Taylor ("Plaintiff"), is an adult individual residing in Temple Hills, Maryland, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant Mann Bracken, LLP ("Mann"), is a Maryland business entity with an address of 702 King Farm Boulevard, Rockville, Maryland 20850, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Mann and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Mann at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

8.      The Plaintiff incurred a financial obligation in the approximate amount of $500 (the "Debt") to Capital One (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.      The Debt was purchased, assigned or transferred to Mann for collection, or Mann was employed by the Creditor to collect the Debt.

11.      The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.  Mann Engages in Harassment and Abusive Tactics

12.      The Defendants telephoned the Plaintiff as frequently as three times each day, including on weekends.

13.      The Defendants were rude and verbally abusive toward the Plaintiff during

2

telephone conversations, frequently yelling at the Plaintiff.

14.     The Defendants continued to telephone the Plaintiff, even after he asked them to stop calling him.

15.     The Defendants contacted the Plaintiff at his place of employment, and continued to call him there despite knowing that he cannot receive calls while he is at work.

16.     The Defendants threatened to initiate a legal action against the Plaintiff, but have not done so.

17.     The Defendants threatened to ruin the Plaintiff's credit rating.

18.     The Defendants failed to mail the Plaintiff a validation notice informing him of the amount of the original Debt and identifying the original Creditor.

19.     The Defendants failed to mail the Plaintiff a notice informing him of his right to dispute the Debt and to obtain verification of the Debt.

### C.  Plaintiff Suffered Actual Damages

20.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

21.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, fear, frustration and embarrassment.

22.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, ET SEQ.

23.     The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

24.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that the Defendants

contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

25.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(3) in that the Defendants

contacted the Plaintiff at his place of employment, knowing that the Plaintiff's employer

prohibited such communications.

26.     The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that the Defendants

used profane and abusive language when speaking with the consumer.

27.     The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that the Defendants

caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the

intent to annoy and harass.

28.     The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that the Defendants

threatened to take legal action, without actually intending to do so.

29.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that the Defendants

failed to send the Plaintiff a validation notice stating the amount of the debt.

30.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that the Defendants

failed to send the Plaintiff a validation notice stating the name of the original creditor to whom

the debt was owed.

31.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that the Defendants

failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt

within thirty days.

32.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that the Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

33.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that the Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

34.     The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that the Defendants continued collection efforts even though the debt had not been validated.

35.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

36.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II

## VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT

## MD. CODE COMM. LAW § 14-201, ET SEQ.

37.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38.     The Defendants are each a "collector" as defined under MD. Code Comm. Law § 14-201(b).

39.     The Debt is a "consumer transaction" as defined under MD. Code Comm. Law § 14-201(c).

40.     The Defendants repeatedly contacted the Plaintiff with the intent to harass or abuse, in violation of MD. Code Comm. Law § 14-202(6).

41.     The Plaintiff suffered emotional distress and mental anguish as a result of the

5

Defendants' repeated contact.

42.    The Plaintiff is entitled to damages proximately caused by the Defendants'

violations.

## COUNT III

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

43.    The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

44.    The *Restatement of Torts, Second,* § 652(b) defines intrusion upon seclusion as,

"One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs

or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be

highly offensive to a reasonable person."

45.    Maryland further recognizes the Plaintiff's right to be free from invasions of

privacy, thus the Defendants violated Maryland state law.

46.    The Defendants intentionally intruded upon the Plaintiff's right to privacy by

continually harassing the Plaintiff with multiple telephone calls each day.

47.    The telephone calls made by the Defendants to the Plaintiff were so persistent and

repeated with such frequency as to be considered "hounding the plaintiff" and "a substantial

burden to her existence," thus satisfying the *Restatement of Torts, Second,* § 652(b) requirement

for an invasion of privacy.

48.    The conduct of the Defendants in engaging in the illegal collection activities

resulted in multiple invasions of privacy in such a way as would be considered highly offensive

to a reasonable person.

49.    As a result of the intrusions and invasions, the Plaintiff is entitled to actual

damages in an amount to be determined at trial from Defendants.

50.     All acts of the Defendants and their agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Actual damages pursuant to MD. Code Comm. Law § 14-203;

5. Actual damages pursuant to MD. Ann. Code. Bus. Reg. § 7-401(b);

6. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

7. Punitive damages; and

8. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 2, 2010

Respectfully submitted,

By  /s/ Forrest E. Mays

Forrest E. Mays (Bar No. 07510)
2341 N Forrest Drive, Suite 90
Annapolis, MD  21403
Telephone: (410) 267-6297
Facsimile: (410) 267-6234
Email: mayslaw@mac.com
MD Bar No. 07510


Of Counsel To
LEMBERG & ASSOCIATES L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (877) 795-3666
Attorneys for Plaintiff